IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case Nos. 13-20043-01-CM (Criminal) |
| v. ) | 15-2621-CM (Civil) |
| ) | |
| **CLIFFORD A. DODDS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant Clifford A. Dodds's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 77) and defendant's Motion to Amend Pursuant to Rule 15(c)(2) (Doc. 93).  Defendant makes two claims in his original motion, and seeks to add a third claim in his motion to amend.  First, defendant claims that he received ineffective assistance of counsel during the plea bargaining stage because his attorney advised him to reject a plea agreement that was more favorable than the agreement defendant eventually entered.  Second, defendant argues that his sentence violates Sixth Amendment.  Third, defendant seeks to add a claim that, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), his crime of criminal threat should not have been considered a crime of violence.

Defendant entered into an 11(c)(1)(C) plea agreement with the government, jointly proposing a sentence of 210 months in prison.  Within that agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), and 18 U.S.C. § 3582(c)(2)).  But the government has not sought to enforce the waiver, so the court addresses the merits of defendant's claims.  *See United States v.*

*Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) ("[T]he waiver is waived when the government utterly neglects to invoke the waiver.").

I.  **Ineffective Assistance in Plea Negotiations**

Defendant's first claim is that his attorney told him he had a 100% chance of winning his motion to suppress.  Relying on this representation, defendant did not accept a plea agreement for 120 months.  Defendant claims that he was unaware that if he lost the suppression hearing, he would be sentenced as a career offender and subject to a much higher sentence.  He states that he repeatedly asked his attorney what the consequences would be for rejecting the first plea offer, but that his attorney never told him the consequences.  Defendant makes these representations in a sworn affidavit and in his memorandum in support of his motion, which is sworn under penalty of perjury.

Defense counsel submitted an affidavit refuting defendant's claims.  Counsel states that he did, in fact, discuss with defendant the potential consequences of rejecting the 120-month plea offer.  He claims that he did not encourage defendant to pursue the motion to suppress, and quotes a letter written by defendant that demonstrates that defendant was aware of the possibility of being sentenced as a career offender.  In addition, counsel points to an email from the Assistant United States Attorney that discussed the plea offer and the potential career offender designation.  This email was attached to defendant's motion as an exhibit.  It is not clear, however, when defendant obtained a copy of this email or when he first saw it.

These conflicting recollections of the discussions before the hearing on the motion to suppress create a need for an evidentiary hearing.  The court will therefore appoint an attorney for defendant and conduct a hearing on this issue.

## II.     Unconstitutional Sentence

Defendant next claims that his sentence is unconstitutional because the court imposed a career offender enhancement, which does not apply because (1) defendant's conviction for Attempted Fleeing and Eluding a Police Officer was not a felony, and (2) defendant's conviction for Criminal Threat was not a "crime of violence."

The flaw with defendant's argument is that the court did not sentence him pursuant to the Sentencing Guidelines. Rather, the court sentenced him pursuant to a binding plea agreement. *Cf. United States v. Price*, 627 F. App'x 738, 740–41 (10th Cir. 2015) (citing *United States v. Freeman*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring in the judgment), for the proposition that a sentence is "based on the Sentencing Guidelines—and therefore eligible for a reduction under § 3592(c)(2)—only if [the plea agreement] 'expressly uses a Guideline sentencing range applicable to the charged offense to establish the term of imprisonment.'"). Defendant entered into an 11(c)(1)(C) agreement with the government. The agreement specifies that the parties were not requesting imposition of an advisory guidelines sentence. (Doc. 42 at 3.)

Additionally, counsel cannot be found ineffective for failing to object to the career offender designation in the presentence investigation report because, ultimately, the court accepted the parties' binding plea agreement. And defendant suffered no prejudice because, again, the court sentenced him in accordance with the 11(c)(1)(C) plea agreement. This argument is without merit, and the court denies relief on this claim.

## III.    Proposed *Johnson* Amendment

Finally, defendant asks the court to allow him to amend his § 2255 petition to add an additional reason why his sentence is unconstitutional: the Supreme Court's decision in *Johnson v. United States*.

The court grants defendant's motion to amend, but denies relief on this claim for the same reason given above—defendant was not sentenced under the Sentencing Guidelines.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 77) is denied in part and taken under advisement in part.

**IT IS FURTHER ORDERED** that defendant's Motion to Amend Pursuant to Rule 15(c)(2) (Doc. 93) is granted.  The court has considered defendant's additional claim, but denies relief on that claim.

**IT IS FURTHER ORDERED** that the court will appoint an attorney for defendant on the limited issue of whether he received ineffective assistance of counsel in the plea negotiation stage because counsel did not fully advise him of the potential consequences of rejecting the plea agreement for 120 months, and in fact advised defendant that he had 100% chance of success on his motion to suppress.  Once an attorney is appointed, the court will set the motion for hearing.

Dated this 31st day of March 2016, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**