**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 13-20043-01-CM** |
| **CLIFFORD A. DODDS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Clifford A. Dodds's Motion for a Sentence

Reduction (Doc. 133). Defendant seeks to reduce his sentence based on Amendment 782 to the

United States Sentencing Guidelines, which took effect on November 1, 2014 and lowers the

base offense levels in the Drug Quantity Table. On July 18, 2014, the United States Sentencing

Commission voted to apply the amendment retroactively to those offenders currently in prison,

but with a requirement that the reduced sentences cannot take effect until November 1, 2015.

Defendant claims that he is now entitled to relief under the Supreme Court's guidance in *Hughes*

*v. United States*, 135 S. Ct. 1765 (2018) because he entered a guilty plea pursuant to Fed. R.

Crim. P. 11(c)(1)(C).

Defendant does not receive the benefit of Amendment 782 or *Hughes* because the court

sentenced him as a career offender. Amendment 782 does not impact the career offender

guidelines in U.S.S.G. § 4B1.1. *See United States v. Butler*, No. 15-8017, 2015 WL 4605019, at

*1 (10th Cir. Aug. 3, 2015) (noting that a prisoner was not eligible for an Amendment 782

reduction because he was a career offender); *see also United States v. Sharkey*, 543 F.3d 1236,

1239 (10th Cir. 2008) (addressing career offender status as it related to Amendment 706); *United*

*States v. Walton*, No. 03-20041-01-JWL, 2012 WL 4953078, at \*2 (D. Kan. Oct. 17, 2012)

(holding that a defendant sentenced as a career offender was not eligible for a sentence reduction

pursuant to Amendment 750). This court is therefore without jurisdiction to consider

defendant's § 3582(c)(2) motion. *See United States v. Gonzales*, 308 F. App'x 251, 252 (10th

Cir. 2009) (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Clifford A.

Dodds's Motion for Sentence Reduction (Doc. 133) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
