## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                    Case No. 13-20043-01-JWL

Clifford A. Dodds,

        Defendant.

### MEMORANDUM AND ORDER

In April 2013, defendant Clifford A. Dodds was charged with numerous federal drug and firearm offenses.  Ultimately, Mr. Dodds pleaded guilty to possession with intent to distribute 28 grams or more of crack cocaine within 1000 feet of a school and possession of a firearm in furtherance of a drug trafficking crime.  The parties agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C), that Mr. Dodds should be sentenced to 210 months imprisonment followed by eight years of supervised release. A presentence report (PSR) determined that Mr. Dodds was a career offender under U.S.S.G. § 4B1.1 and that his sentencing range should be 262 to 327 months imprisonment.  The district judge assigned to the case at that time accepted the binding Rule 11(c)(1)(C) plea agreement and sentenced Mr. Dodds to 210 months.

Mr. Dodds, proceeding pro se, now seeks relief under section 404 of the First Step Act of 2018, which authorizes a court to reduce a sentence based on the lower statutory sentencing ranges of the Fair Sentencing Act of 2010.  *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). But the Fair Sentencing Act of 2018 applies only to defendants who were sentenced for crack cocaine offenses committed before August 3, 2010.  *See* First Step Act §

404; *United States v. Whittaker*, 777 Fed. Appx. 938, 940 (10th Cir. 2019) (defendant who committed offense after August 3, 2010 did not qualify for relief under First Step Act).  Because Mr. Dodds committed his offense after August 3, 2010, he does not qualify for relief and the court lacks jurisdiction over the motion.  *See Whittaker*, 777 Fed. Appx. at 940 (appropriate disposition of motion for relief under First Step Act when sentence reduction is not authorized is dismissal for lack of jurisdiction).  And because Mr. Dodds clearly does not qualify for relief, the court denies his request for counsel to assist him in connection with his argument.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

The court notes that Mr. Dodds asserts several new arguments in his reply brief. Specifically, he challenges his career offender designation; he asserts that his counsel's performance in connection with plea negotiations was ineffective; and he asserts that he is entitled to a sentence reduction for "programming and good conduct."  Because these arguments were raised for the first time in the reply brief, the court does not address them. *See Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013) (court does not consider arguments raised for the first time in reply brief).[1]  To the extent Mr. Dodds references his "programming and good conduct" in an effort to seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Mr. Dodds must first exhaust his administrative remedies with the BOP. *See* First Step Act, § 603(b)(1); 18 U.S.C. § 3582(c)(1)(A).

---

[1] Mr. Dodds' challenges concerning his career offender designation and his counsel's performance are not properly advanced in a motion for sentence reduction and, even if timely made in his initial motion, the court would lack jurisdiction to consider those arguments. *See United States v. Chavira-Nunez*, 689 Fed. Appx. 896, 898 & n.5 (10th Cir. 2017).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dodds' motion for relief under the First Step Act (doc. 173) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated this 2nd day of June, 2020, at Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge