**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

United States of America,

          Plaintiff,

v.                                      Case No. 13-20043-01-JWL

Clifford A. Dodds,

          Defendant.

**MEMORANDUM AND ORDER**

In April 2013, defendant Clifford A. Dodds was charged with numerous federal drug and firearm offenses.  Utlimately, Mr. Dodds pleaded guilty to possession with intent to distribute 28 grams or more of crack cocaine within 1000 feet of a school and possession of a firearm in furtherance of a drug trafficking crime.  The parties agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C), that Mr. Dodds should be sentenced to 210 months imprisonment followed by eight years of supervised release. A presentence report (PSR) determined that Mr. Dodds was a career offender under U.S.S.G. § 4B1.1 and that his sentencing range under the Guidelines should be 262 to 327 months imprisonment plus the required consecutive 60-month sentence for the firearm conviction.  The district judge assigned to the case at that time determined that a variance was appropriate, accepted the binding Rule 11(c)(1)(C) plea agreement and sentenced Mr. Dodds to 210 months.

Mr. Dodds is presently incarcerated at FCI Florence and his anticipated release date is April 11, 2028.  This matter is presently before the court on defendant's motion for compassionate

release (doc. #189) pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is denied.[1]

The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).[2] Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from § 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community. *See id*. In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which

---

[1] The motion for compassionate release includes a motion for appointment of counsel, which the court previously granted.

[2] A defendant may file a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The government asserts that Mr. Dodds "may not have" exhausted his remedies. In his motion, Mr. Dodds asserts that he submitted a written request to the warden in April 2020, received no response, and submitted another written request in early November 2020. The government asserts that it has no record of the April request and that 30 days did not pass between the filing of the November request and Mr. Dodds' motion. In the absence of any evidence from the government controverting Mr. Dodds' assertion that he exhausted his administrative remedies in April 2020, the court exercises jurisdiction over the motion and proceeds to the merits. *See United States v. Trent*, 2020 WL 1812214, at *1 (N.D. Cal. Apr. 9, 2020) (crediting the defendant's representation that he submitted an earlier request for release over the government's failure to confirm the existence of the request).

"extraordinary and compelling reasons" may exist.  *See id*. applic. note 1.  In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D)  Other Reasons**. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id*.  Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case.  Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute.  *See Jackson*, 2020 WL 2812764, at \*3.

Mr. Dodds argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions (severe obesity, type 2 diabetes, hypertension and asthma) create an increased risk of serious harm or death from the ongoing coronavirus pandemic. The government concedes that Mr. Dodds' medical conditions constitute extraordinary and compelling reasons sufficient for this court to consider early release under the statute. Nonetheless, the government maintains that the § 3553(a) factors weigh against early release in light of the nature and seriousness of his offenses and the need to provide just punishment for those offenses.  On this point, the court agrees with the government and, for the reasons set forth below, concludes that the risk to Mr. Dodds' health if he remains in custody is outweighed by the need for continued incarceration under the specific circumstances presented here.  In other words, the court finds that compassionate release would materially depart from an appropriate § 3553(a)

sentence.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction).

The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)).  Applying those factors here, the court declines to reduce Mr. Dodds' sentence.  It is significant to the court that he has served roughly half of his sentence for serious crimes—he was identified as the crack cocaine supplier of his co-defendant; was held accountable for more than 67 grams of crack cocaine; and possessed a loaded, stolen firearm at the time of his arrest.  *United States v. Cheatham*, 2020 WL 5423890, at *2 (D. Md. Sept. 10, 2020) (even if court found extraordinary and compelling reasons warranting reduction, court would deny motion where defendant served only half of original sentence, was involved in extensive drug trafficking conspiracy involving large quantities of cocaine, and possessed a firearm to facilitate drug dealing); *United States v. Goodwin*, 2020 WL 5412840, at *304 (E.D. Tenn. Sept. 9, 2020) (denying motion where defendant drug crimes were unquestionably serious and defendant had served roughly half his sentence; nothing that "courts have generally granted compassionate release only to defendants who have served a significant portion of their sentences"); *United States v. Wilson*, 2020 WL 4901714, at *6 (W.D. Wash. Aug. 20, 2020) (even if defendant had established extraordinary and compelling reasons to render him eligible for a reduction, court would deny the motion based on § 3553(a) factors—defendant was involved in

4

large drug conspiracy and was personally involved in the distribution of kilogram quantities of cocaine); *United States v. Ball*, 2020 WL 4816197, at *4 (E.D. Mich. Aug. 19, 2020) (denying motion for compassionate release where defendant served only half of 120-month sentence for drug distribution crimes).

Perhaps more significantly, Mr. Dodds' sentence represented a very significant departure from the Sentencing Guidelines, which underscores the court's conclusion that continued incarceration is appropriate here and that early release would constitute a windfall to Mr. Dodds. Of course, the fact that defendant agreed to his sentence further cuts against his argument that a reduction is appropriate. *United States v. Windley*, 2020 WL 6938336, at *3 (D.N.J. Nov. 25, 2020) (denying motion for compassionate release based on § 3553(a) factors in part because Rule 11(c)(1)(C) plea agreement represented downward variance); *United States v. Sanders*, 2020 WL 6460224, at *9 (M.D. Tenn. Nov. 3, 2020) (denying motion for compassionate release based on § 3553(a) factors in part because defendant agreed through Rule 11(c)(1)(C) plea agreement that his sentence was appropriate).

Lastly, the PSR assigned defendant thirteen (13) criminal history points, resulting in a criminal history category of VI irrespective of defendant's career offender designation. Defendant's criminal history is lengthy and reflects a pattern of recidivism. Defendant's criminal history began in his early teens and includes multiple theft convictions, eluding law enforcement, aggravated and domestic battery, and violations of protective orders. His criminal history also reflects a continuing disrespect for the law and an inability to comply with conditions of probation, with defendant committing several offenses while on probation at various times. The court, then, cannot conclude that defendant is a proper candidate for compassionate release. *United States v.*

*Davila*, 2020 WL 6499562, at *3 (D. Conn. Nov. 5, 2020) (denying motion for compassionate release despite increased vulnerability to COVID-19 where defendant had substantial criminal history, demonstrated recidivism and committed offenses while on probation); *United States v. McCoy*, 2020 WL 6118825, at *3 (E.D. Cal. Oct. 16, 2020) (denying motion for compassionate release where defendant's criminal history was "replete with revocations of parole and violations of her probation" demonstrating a "utter" disregard of court orders and a lack of respect for the rule of law).

In short, the court finds that defendant's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing.  The motion is denied.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #189) is hereby **denied**.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2021, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3] Mr. Dodds emphasizes that release is further warranted because of an outbreak of COVID-19 at his correctional facility.  But the infection numbers reported by FCI Florence since the filing of Mr. Dodds' reply brief have decreased significantly and the recovery numbers reported have increased significantly, reflecting that the facility is managing the outbreak and trending in the right direction.